**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1953 PONTIAC COUPE MOTOR**
**NO. K8XH41653.**
**Associates Discount Corporation,**
**Intervenor.**

No. 2808.

United States District Court,
E. D. Arkansas, W. D.

Nov. 26, 1954.

Osro Cobb, U. S. Atty., M. D. Bowers, Asst. U. S. Atty., Little Rock, Ark., for plaintiff.

E. A. Henry, Little Rock, Ark., for Intervenor.

TRIMBLE, Chief Judge.

This cause having been submitted to the Court upon the pleadings, upon the stipulation of certain facts agreed to by the parties herein, and oral testimony introduced in open Court, and the argument of Counsel on behalf of the plaintiff and the intervenor, and the Court having considered the same and being well and fully advised doth make the following Findings of Fact and doth state the following Conclusions of Law, to-wit:

### Findings of Fact

1. This is a libel proceeding brought by the United States to forfeit and condemn a certain motor vehicle, described as one 1953 Pontiac Coupe, Motor No. K8XH41653, which at the time of its seizure by the Government was the property of and in possession of Roosevelt Muldrow of Pulaski County, Arkansas, for an alleged violation of Section 3321, Title 26, U.S.C.A. No claim for the vehicle has been filed by Roosevelt Muldrow but an intervention has been filed by Associates Discount Corporation wherein said intervenor claims to be the holder of a conditional sales contract executed by Roosevelt Muldrow in favor of Van White Pontiac Company, Inc., of Little Rock, Arkansas, on which there is a balance due of approximately $1,-692.48, and said intervenor prays for a remission or mitigation of forfeiture under provisions of Section 3617, Title 18, U.S.C.A. Said motor vehicle was seized by Federal officers in Pulaski County, Arkansas, on or about April 17, 1954, while it was being used by Roosevelt Muldrow in the unlawful removal, concealment, and deposit of untaxpaid distilled whiskey in violation of the internal revenue laws of the United States. There is no question that the vehicle is subject to condemnation and the only issue in the case is whether or not the in-

tervenor's prayer for remission or mitigation of the forfeiture should be granted.

2. Certain facts have been stipulated by the parties, and the Court finds those facts as stipulated whether such facts are hereinafter specifically referred to or not.

3. On or about July 31, 1953, Roosevelt Muldrow purchased above-described motor vehicle from Van White Pontiac Company, Inc., of Little Rock, Arkansas, making a certain down payment, leaving a time deferred balance for which he executed and delivered to said Van White Pontiac Company, Inc., his conditional sales contract. Subsequently thereto Van White Pontiac Company, Inc., transferred and assigned said contract to Associates Discount Corporation, the intervenor in this case, which said intervenor is now the owner of said contract.

4. At the time of the purchase of said motor vehicle by Roosevelt Muldrow from Van White Pontiac Company, Inc., he was a resident of Little Rock, Pulaski County, Arkansas, and the said vehicle was purchased by him in the city of Little Rock, Arkansas.

5. Prior to the sale of said motor vehicle to Roosevelt Muldrow, no inquiry was made by said Van White Pontiac Company, Inc., or by any of its agents or any law enforcement agency anywhere, either state, city, or Federal, with respect and regard to either the record or the reputation of Roosevelt Muldrow as being engaged in the illegal liquor business.

6. Prior to the purchase of the conditional sales contract above mentioned by Associates Discount Corporation, intervenor herein, said Associates Discount Corporation did make an investigation of the credit rating of Roosevelt Muldrow but it made no inquiry of any kind of any law enforcement agency, either state, city, or Federal, with respect to the reputation of the said Roosevelt Muldrow as being engaged in the illegal liquor business. An officer and agent of said intervenor testified in open Court that intervenor was aware of the fact that Federal law required that such inquiry be made before purchasing the contract but he admitted that no such inquiry was made.

7. At the time of the purchase of the motor vehicle by Roosevelt Muldrow he had no record of conviction of liquor law violations in the Circuit Court of Pulaski County nor did he have a reputation as a liquor law violator with the sheriff of Pulaski County. He had no record of conviction of liquor law violations in the Little Rock Municipal Court nor did he have a reputation with the Chief of Police of Little Rock as a liquor law violator.

8. At the time Roosevelt Muldrow purchased said motor vehicle from Van White Pontiac Company, Inc., he did bear a reputation as a liquor law violator with the Alcohol and Tobacco Tax Division, Internal Revenue Service, United States Treasury Department, Little Rock, Arkansas. This fact was testified to by three agents of said Alcohol and Tobacco Tax Division.

9. At the time Roosevelt Muldrow purchased the automobile involved in this case he had a record of conviction of Federal liquor law violations in the United States District Court for the Western Division of the Eastern District of Arkansas. On May 31, 1938, Roosevelt Muldrow entered a plea of guilty to Count I of an indictment in the case of 12,707 and was sentenced to serve a term of one year and one day in a Federal prison and was fined in the sum of $100. On the same day he entered a plea of guilty to indictment No. 12,712, containing three counts, and was placed on probation for a period of three years, said probation beginning at the expiration of one year and one day sentence imposed in case No. 12,707. If intervenor had, before purchasing said conditional sales contract, made inquiry of the Alcohol and Tax Division, Internal Revenue Service, United States Treasury Department, Little Rock, Arkansas, it would have been informed that Roosevelt Muldrow bore a reputation as

a violator of the internal revenue laws of the United States and that he had been convicted in the United States District Court in Little Rock, Arkansas, in 1938 and that he had been sentenced to serve a term in a Federal prison for said violation. The Court finds that the intervenor herein, knowing of the requirements of the law regarding such inquiry, chose to ignore completely the "bootleg hazard" and in doing so it disregarded the manifest intent of Congress to require the exercise of good faith and reasonable diligence on the part of one who would apply to the Federal Courts for a remission or a mitigation of a forfeiture of a motor vehicle used in the illicit liquor business.

Conclusions of Law

1. This Court has jurisdiction of this cause and of the parties hereto.

2. The motor vehicle involved in this case, having been used in violation of internal revenue laws of the United States, that is to say, in violation of Section 3321 of Title 26, U.S.C.A., is subject to forfeiture to the United States.

3. As to the intervenor's claim for remission or mitigation, Section 3617 of Title 18, U.S.C.A., vests jurisdiction in this Court to grant a remission or mitigation of forfeiture provided certain conditions precedent are met; the condition involved in the instant case is set forth in the statute as follows:

"* * * (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle * * *, (claimant must prove) that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant,

his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." 18 U.S.C.A. § 3617 (b) (3).

The requirements set forth in the above statute are mandatory and are minimal requirements. And they are reasonable requirements. They are conditions precedent to the Court's power to grant a remission or mitigation. When such conditions are met the Court may, in its judicial discretion, grant relief to a claimant or intervenor, but the granting of such relief is not automatic or mandatory. The Court should be satisfied that the claimant or intervenor had acted with reasonable diligence and good faith and that the case is a proper one for the exercise of the grace expressed in the statute.

The Court is of the opinion that, under the law and facts in this case, it has no power to grant the relief prayed for by the intervenor. However, even if the Court has the power to grant the relief sought by the intervenor, such relief should not be granted in view of the admission by the intervenor of negligence in failing to make any inquiry with respect to Muldrow's record or reputation as a liquor law violator. The mandatory provisions of the statute above set out were wholly disregarded.

The statute under which instant vehicle is forfeited is an old one and automobile dealers and finance companies must take cognizance of its terms.

While Congress in making what is now 18 U.S.C.A. § 3617, provided for relief in meritorious cases, provided that certain conditions precedent are met, the existence of said remedial act does not justify dealers and finance companies in closing their eyes to the "bootleg hazard" as the intervenor has done in this case.

To hold that the intervenor herein should be given a relief would put a premium on negligence and inaction on the part of automobile dealers and finance companies, which this Court is unwilling to and will not do. The intervention filed herein will be dismissed.